United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30429
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AVERY V. JENKINS, SR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-168-ALL-R
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:*

Avery V. Jenkins, Sr., appeals his convictions of bank robbery using a dangerous weapon and discharge of a firearm during a crime of violence. Jenkins argues that the district court should have excluded a gun recovered from the residence of Jenkins's wife and testimony regarding the discovery of the gun under FED. R. EVID. 403 because such evidence misled the jury.

"Relevant evidence is inherently prejudicial; but it is only <u>unfair</u> prejudice, <u>substantially</u> outweighing probative value,"

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that permits exclusion under Rule 403.  <u>United States v. Pace</u>, 10 F.3d 1106,  1115-16 (5th Cir. 1993).  Rule 403 "is not designed to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none."  <u>United States v. McRae</u>, 593 F.2d 700, 707 (5th Cir. 1979).

Because the probative value of the challenged evidence was not substantially outweighed by the dangers addressed by Rule 403, we have determined that the district court did not abuse its discretion in admitting the evidence.  See <u>Pace</u>, 10 F.3d at 1115-16; FED. R. EVID. 403.  We have also determined that any error, if it occurred, was harmless.  See <u>United States v. Howell</u>, 664 F.2d 101, 105-06 (5th Cir. 1981).

AFFIRMED.